## *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

December 28, 2017

Ms. Jeannette Clack
Western District of Texas, Waco
United States District Court
800 Franklin Avenue
Waco, TX 76701

     No. 17-50065   Guillermo Ortiz v. Lorie Davis, Director
                USDC No. 6:14-CV-140

Dear Ms. Clack,

Enclosed is a copy of the judgment issued as the mandate.

                      Sincerely,

                      LYLE W. CAYCE, Clerk

                      By: _____
                      Mary Frances Yeager, Deputy Clerk
                      504-310-7686

cc w/encl:
    Ms. Melissa L. Hargis
    Mr. Thomas Merrill Jones
    Mr. Edward Larry Marshall
    Mr. Guillermo Cintron Ortiz

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————————

No. 17-50065
USDC No. 6:14-CV-140

————————

GUILLERMO CINTRON ORTIZ,

**A True Copy**
**Certified order issued Dec 28, 2017**

*Jyfe W. Cayce*

**Clerk, U.S. Court of Appeals, Fifth Circuit**

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

————————————

Appeal from the United States District Court
for the Western District of Texas

————————————

O R D E R:

Guillermo Cintron Ortiz, Texas prisoner # 809008, moves for a certificate
of appealability (COA) to appeal the denial of his 28 U.S.C. § 2254 petition in
which he challenged his jury trial convictions for indecency with a child by
contact. Ortiz asserts that his trial attorney rendered ineffective assistance by
failing to object to inadmissible hearsay and character evidence. With the
benefit of liberal construction, he also asserts that he is entitled to relief
because he is innocent. Because this claim is raised for the first time, it will
not be considered. *See Henderson v. Cockrell*, 333 F.3d 592, 605 (5th Cir. 2003).

To obtain a COA, Ortiz must make "a substantial showing of the denial
of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529

No. 17-50065

U.S. 473, 484 (2000).  Because the district court rejected Ortiz's ineffective-assistance-of-counsel claims on the merits, Ortiz "'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack*, 529 U.S. at 484).

He has failed to do so.  Ortiz does not address the district court's assessment of his claims but merely lists the claims without discussion, thereby waiving them.  *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Accordingly, he has failed to make the required showing.  *See Slack*, 529 U.S. at 484.  His motion for a COA is DENIED.

/s/Jennifer Walker Elrod
JENNIFER WALKER ELROD
UNITED STATES CIRCUIT JUDGE

2